**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**DARREN SMITH,**

                              **Plaintiff,**

                                v.                              6:13-CV-767
                                                                  (FJS/TWD)

**THE CITY OF UTICA; and JEREMY VAN HORNE,**
in his individual capacity,

                              **Defendants.**

_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **LEBOW & ASSOCIATES, PLLC**<br>570 Lexington Avenue – 16th Floor<br>New York, New York 10022<br>Attorneys for Plaintiff | **JAMES B. LEBOW, ESQ.**<br>**DANIEL E. RUBENSTEIN, ESQ.** |
| **CITY OF UTICA CORPORATION COUNSEL**<br>One Kennedy Plaza<br>Utica, New York 13502<br>Attorneys for Defendants | **JOHN P. ORILLO, ESQ.**<br>**MERIMA SMAJIC, ESQ.**<br>**ZACHARY C. OREN, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Darren Smith ("Plaintiff"), a resident of New York State, brings this action under 42 U.S.C. §§ 1983 and 1988 alleging false arrest, false imprisonment, and malicious prosecution in violation of the Fourth Amendment. *See* Dkt. No. 1, Complaint at 1-2. Currently before the

Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 9, Notice of Motion at 1-2.

## II. DISCUSSION

**A.** *Standard of review*

When evaluating a motion under Rule 12(b)(6), "this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996) (citation omitted). The issue is whether the plaintiff has properly stated his claims, not how likely those claims are to succeed. *See Branham v. Meachum*, 77 F.3d 626, 628 (2d Cir. 1996) (quotation omitted).

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court ruled that a properly stated cause of action must include sufficient facts to assert a claim to relief that is "plausible on its face" in order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Supreme Court explained that a pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 677-78 (quoting [Fed. R. Civ. P. 8(a)(2)]). This does not require "detailed factual allegations," but does demand something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citation omitted).

**B.** *Plaintiff's first cause of action against Defendant Van Horne*

*1. False arrest and false imprisonment*

The same analysis applies to a claim of false arrest and false imprisonment brought under § 1983. *See Jean v. City of New York*, 512 F. App'x. 30, 31 (2d Cir. 2013) (citation omitted).

2

This is because federal courts look to the state law of the locality where a tort occurred for the definition of that tort. *See Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007) (quotation omitted). In New York State, where Plaintiff's alleged harms occurred, the torts of false arrest and false imprisonment are synonymous. *See Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991) (citing *Jacques v. Sears, Roebuck & Co.*, 30 N.Y.2d 466, 334 N.Y.S.2d 632, 285 N.E.2d 871 (1972)). Therefore, Defendant Van Horne's probable cause defense applies equally to Plaintiff's false arrest and false imprisonment claims.

Probable cause "'is a complete defense to an action for false arrest'" brought under New York law or § 1983. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quotation omitted). "Probable cause to arrest exists when the officers have . . . reasonably trustworthy information as to facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007) (citations omitted). The court's inquiry into whether probable cause exists "'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time' . . . and not on the officer's actual state of mind at the time the challenged action was taken. . . ." *Maryland v. Macon*, 472 U.S. 463, 470-71 (1985) (internal quotation and citation omitted).

"'[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.'" *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (quotation omitted). "[A] purported crime victim's identification of the alleged culprit will generally suffice to create probable cause to arrest." *Donovan v. Briggs*, 250 F. Supp. 2d 242, 251-52 (W.D.N.Y. 2003) (citations omitted). Several cases posit that ""the veracity of citizen complaints who are the victims of the

3

very crimes they report to the police is assumed.'" *E.g.*, *Smith v. City of New York*, 388 F. Supp. 2d 179, 185 (S.D.N.Y. 2005) (quotation omitted).

"'[O]nce a police officer has reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.'" *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (quotation omitted). Instead, it is the officer's function to "'apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of evidence.'" *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) (quotation omitted).

In the case at bar, the victim identified Plaintiff three times prior to his arrest. *See* Complaint at ¶¶ 14, 20-21. During the first identification the victim was intoxicated, but there is no evidence that she was intoxicated when, six days later, she testified in Utica City Court that Plaintiff put a gun to her head. *See id.* at ¶ 20. There is likewise no evidence that she was intoxicated two days later, when Defendant Van Horne showed her a photo array, and the victim identified Plaintiff as the man who made her perform oral sex on him and put a gun to her head. *See id.* at ¶ 21.

Plaintiff cites potentially exculpatory evidence, which he argues Defendant Van Horne should have considered and, by so doing, concluded that he did not have probable cause to arrest Plaintiff. *See id.* at ¶¶ 17, 22, 41. Even if these allegations were true or convincing, Defendant Van Horne was under no specific duty to investigate possibly exculpatory evidence once he had probable cause to support an arrest. *See Curley*, 268 F.3d at 70; *Panetta*, 460 F.3d at 396. The reasonableness of Defendant Van Horne's probable cause determination is especially clear given that a grand jury indicted Plaintiff on the charges for which he was arrested. *See* Complaint at ¶¶ 23, 27-28.

4

Accordingly, this Court grants Defendants' motion to dismiss Plaintiff's first cause of action for false arrest and false imprisonment against Defendant Van Horne.

### *2. Malicious prosecution*

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment . . . and must establish the elements of a malicious prosecution claim under state law. . . ." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (internal citations omitted). The elements of a malicious prosecution claim are (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the proceeding terminated in favor of the plaintiff, (3) lack of probable cause for commencing or continuing the prosecution, and (4) the defendant acted with malice. *See Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004) (citation omitted).

Lack of probable cause is an essential element of a malicious prosecution claim, and a grand jury indictment creates a presumption of probable cause that a plaintiff must rebut for the claim to succeed. *See McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) (citation omitted). "'If plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Id.* (quoting [*Colon v. City of New York*, 60 N.Y.2d 78,] 83, 468 N.Y.S.2d 453, 455 N.E.2d 1248 [(1983)]).

Here, Plaintiff has offered no evidence of fraud, perjury, suppression of evidence, or other bad-faith conduct. In response to Defendants' motion, Plaintiff argues that there was suppression of evidence. The basis for his argument is that "substantial exculpatory evidence . . .

was known by Van Horne and *presumably* not provided to the grand jury . . . ." *See* Dkt. No. 15, Plaintiff's Response at 9 (emphasis added). Plaintiff cannot meet his burden by presuming that an element of the cause of action occurred.

Accordingly, this Court grants Defendants' motion to dismiss Plaintiff's first cause of action for malicious prosecution against Defendant Van Horne.

## C. *Plaintiff's second cause of action against Defendant City of Utica*

Under the theory of municipal liability articulated in *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690 (1978), an individual plaintiff may sue a municipality for the actions of a municipal agent, where the agent has deprived that plaintiff of a constitutional protected liberty, and the agent did so while implementing a policy or practice of the municipality. There are several avenues to bringing such a claim against a municipality, but all of them begin with a constitutional violation inflicted upon a plaintiff. Here, for the reasons stated in Part B, *supra*, Plaintiff has failed to establish that Defendant Van Horne or anyone else infringed Plaintiff's Fourth Amendment rights or any other constitutional liberties.

Accordingly, this Court grants Defendants' motion to dismiss Plaintiff's second cause of action against Defendant City of Utica.

## III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim, *see* Dkt. No. 9, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED**

Dated: July 16, 2015
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior U.S. District Judge